**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INDRA SUDARTO, | No. 08-73334 |
| Petitioner, | Agency No. A098-806-651 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:      PREGERSON, THOMAS, and PAEZ, Circuit Judges

Indra Sudarto, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Sudarto does not challenge the agency's dispositive finding that his asylum application is time-barred or its denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Sudarto, born and raised a Muslim, contends he suffered mistreatment as a schoolchild, was threatened for refusing to engage in anti-Christian acts, and fears future harm because he intends to convert to Christianity. Substantial evidence supports the BIA's conclusion that, assuming the truth of Sudarto's testimony, he failed to establish past persecution or a clear probability of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (discrimination and harassment due to petitioner's religious beliefs did not compel finding of past persecution; petitioner's fear was too speculative to be objectively reasonable); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats constituted harassment rather than persecution). Accordingly, Sudarto's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**

08-73334